IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-63-MOC-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| YALEGWO KI SADONGEI, | ) | ORDER |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF | ) | |
| CHEROKEE INDIANS, | ) | |
| | ) | |
| Garnishee. | ) | |

This matter is before the Court on two filings by Defendant, who is appearing *pro se* (Docs. 53, 54).

I. Relevant Background

Background information appears in the Court's previous Order filed on May 1, 2023 (Doc. 57). A summary of that information is also presented here.

On July 25, 2022, Defendant pled guilty to one count of second-degree murder in violation of 18 U.S.C. § 1111. In the resulting Judgment, Defendant was ordered to pay restitution in the amount of $1,273,364.15. Doc. 43.

On December 1, 2022, the Government filed an Application for Writ of Continuing Garnishment (the "Application"). Doc. 46. The Government

1

attached a document entitled "Instructions to Defendant/Clerk's Notice of Post-Judgment Garnishment, Execution, Receivership, Garnishment, and/or Sequestration and Right to Have Exemptions Designated/(Request For Hearing)" (the "Instructions to Defendant"). Doc. 46-1.

The following day (December 2, 2022), the Court issued a Writ of Continuing Garnishment (the "Writ") to the Eastern Band of Cherokee Indians (the "Garnishee"). Attached to the Writ was a "Claim for Exemption Form." Doc. 48. The Clerk issued the Instructions to Defendant. Doc. 49.

The Government sent redacted and unredacted copies of the Application, a redacted copy of the Writ, and the Instructions to Defendant (collectively, the "Garnishment Package") to Defendant by first class certified mail. The Government also sent the Garnishment Package to the Garnishee, along with additional instructions for the Garnishee. Doc. 50.

However, the Garnishment Package was not delivered to Defendant at the time. Doc. 56 at 2.

On December 14, 2022, the Garnishee filed its Answer to the Writ. Doc. 51.

On December 22, 2022, the Government filed a Response to the Garnishee's Answer. Doc. 52.

At some point, the Government learned that Defendant, who is in the custody of the Bureau of Prisons, had been relocated to a different facility.

2

Case 1:21-cr-00063-MOC-WCM Document 60 Filed 06/27/23 Page 2 of 13

Consequently, on February 13, 2023, the Government mailed a duplicate Garnishment Package, along with a copy of the Garnishee's Answer and the Government's Response to the Answer, to Defendant. Defendant received these materials on February 15, 2023. Doc. 56 at 2.

On March 2, 2023, Defendant filed two copies of one page from the Instructions to Defendant. Defendant mailed one copy to the Financial Litigation Unit of the United States Attorney's Office in Charlotte and the other copy to the Clerk's office in Asheville. Docs. 53, 54. In each, Defendant requested a hearing, and asserted that he did not owe the subject funds, that the subject funds were exempt, and that the Government had not complied with the statutory requirements for the issuance of the Writ. Id.

On March 16, 2023, the Government, at the Court's direction, responded to Defendant's filings. Docs. 55, 56.

On May 1, 2023, the Court granted Defendant's request for a hearing. Doc. 57. Specifically, the Court concluded that while Defendant was not entitled to a hearing on his contentions that he did not owe the subject funds and that the subject funds were exempt, he was entitled to a hearing on the issue of whether the Government had complied with the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*,

That hearing was conducted on May 22, 2023. At the conclusion of the proceeding, the undersigned took the matter under advisement. This Order

3

now follows.

## II. Discussion

### A. Defendant's Request for Appointment of Counsel

At the beginning of the hearing, Defendant requested that counsel be appointed for him. The Government responded that it did not believe Defendant was entitled to appointed counsel under the circumstances presented.

Courts have found that defendants are not entitled to appointed counsel in proceedings under the FDCPA. United States v. Behrens, 656 Fed. Appx. 789, 790 (8th Cir. 2016) (per curiam) ("Behrens did not have a right to counsel in FDCPA proceedings, and the court did not abuse its discretion in declining to appoint counsel") (citing United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015)); see also United States v. Umstead, No. 1:04CR208-1, 2020 WL 5913427, at *3 (M.D.N.C. Sept. 1, 2020), report and recommendation adopted, No. 1:04CR208-1, 2020 WL 5913164 (M.D.N.C. Oct. 6, 2020) (stating that because a "garnishment enforcing a criminal restitution judgment is civil in nature and is collateral to the underlying criminal conviction…defendants do not possess a right to counsel derived from the Sixth Amendment") (internal citation omitted).

Here, Defendant did not provide any authorities to support his request

4

that counsel be appointed for him,[1] and no attorney has appeared subsequently on behalf of Defendant in connection with these garnishment proceedings.

Consequently, to the extent Defendant requests that counsel be appointed for him, his request is denied.

### B. The Government's Compliance with the FDCPA

Though during the hearing Defendant did not offer substantive arguments, Defendant's filings, as noted, raised the question of whether the Government complied with the FDCPA.

The Government acknowledged that both Section 3202 and Section 3205 apply to the issuance of a writ of garnishment. Consequently, the Court has considered whether the Government has complied with each of these provisions.

#### 1. Sections 3202 and 3205[2]

Pursuant to 28 U.S.C. § 3202(b), when the Government commences an action to enforce a judgment through the postjudgment remedies described in Subchapter C of the FDCPA, it must prepare a notice to the debtor. That notice (the "3202(b) Notice"), which the clerk of court must issue, is to be in

---

[1] The undersigned advised Defendant that he was entitled to retain counsel; however, Defendant did not request a continuance of the hearing in order to do so. In that context, and as the hearing had been scheduled for approximately three weeks, the undersigned proceeded to hear argument from Defendant and the Government.

[2] The general requirements of these sections were described previously in the May 1 Order. Doc. 57. They are, to some extent, repeated here for ease of reference.

5

"substantially" the same form as a notice that appears in 28 U.S.C. § 3202(b) itself (the "Sample Notice"). The Sample Notice reads as follows:

> "NOTICE
>
> "You are hereby notified that this [property] is being taken by the United States Government, which has a court judgment in [case docket number and jurisdiction of court] of $[amount] for [reason of debt].
>
> "In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States Government if [name of judgment debtor] can show that the exemptions apply. Below is a summary of the major exemptions which apply in most situations in the State of [State where property is located]:
>
>> "[A statement summarizing in plain and understandable English the election available with respect to such State under section 3014 and the types of property that may be exempted under each of the alternatives specified in paragraphs (1) and (2) of section 3014(a) and a statement that different property may be so exempted with respect to the State in which the debtor resides.]
>
> "If you are [name of judgment debtor], you have a right to ask the court to return your property to you if you think the property the Government is taking qualifies under one of the above exemptions [For a default judgment:] or if you think you do not owe the money to the United States Government that it says you do.
>
> "If you want a hearing, you must notify the court within 20 days after you receive this notice. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at

6

[address]. If you wish, you may use this notice to request the hearing by checking the box below and mailing this notice to the court clerk. You must also send a copy of your request to the Government at [address], so the Government will know you want a hearing. The hearing will take place within 5 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

"At the hearing you may explain to the judge why you believe the property the Government has taken is exempt [For a default judgment:] or why you think you do not owe the money to the Government. [For a writ of execution:] If you do not request a hearing within 20 days of receiving this notice, your [property] may be sold at public auction and the payment used toward the money you owe the Government.

"If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after your receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at [address]. You must also send a copy of your request to the Government at [address], so the Government will know you want the proceeding to be transferred.

"Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer you to other sources of information."

28 U.S.C. § 3202(b).

A copy of the Government's application for the postjudgment remedy being sought, along with a copy of the 3202(b) Notice, is to be served on the debtor. 28 U.S.C. § 3202(c).

Within 20 days after receiving the 3202(b) Notice, the debtor may request that the court hold a hearing and quash the order granting the Government's application. 28 U.S.C. § 3202(d). The issues that may be considered at such a hearing are limited:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

Writs of garnishment are addressed more specifically in 28 U.S.C. § 3205. After a writ is issued, the Government is to serve the debtor with, among other things, instructions "for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3).

Within 20 days after receiving the garnishee's answer, either the debtor or the Government may file a written objection to the answer and request a hearing. The objecting party is required to state the grounds for its objection and bears the burden of proving those grounds. 28 U.S.C. § 3205(c)(5).

## 2. Analysis of the Information Provided to Defendant

In this case, the Government has taken the position that Section 3202(d) does not require a debtor to file both a motion to quash and an objection to a 3202(b) Notice. In other words, a debtor's objection, standing alone and without a separate motion to quash, is sufficient to challenge a 3202(b) Notice.[3]

The Government argues, though, that the Instructions to Defendant constitute a valid 3202(b) Notice, and that the Government has otherwise complied with the statutory requirements of the FDCPA.

### a. Placement of the Exemption Form

The Government acknowledges that the Sample Notice contemplates that information about exemptions will appear in the 3202(b) Notice. The Government takes the position, though, that attaching exemption information to a writ, as was done in this case, is materially the same as including that information in a 3202(b) Notice.

---

[3] Further, the Government indicated during the hearing that quashing the Writ in this case would be the appropriate remedy in the event the Court found that the Government had not complied with the FDCPA.

9

While the better practice may be to include exemption information in a 3202(b) Notice, given the issues regarding information relevant to Defendant's objection rights, discussed below, it is not necessary for the Court to determine whether including exemption information elsewhere invalidates a 3202(b) Notice.

### b. Information about Objection Rights

As noted, the Sample Notice indicates that a 3202(b) Notice should tell a debtor that if he or she would like a hearing, he or she must notify the court within 20 days after receiving the 3202(b) Notice.

Here, the Instructions to Defendant informed Defendant that he had a right to request a hearing and set forth the three potential topics that may be considered during a hearing that is held under Section 3202, using the following language:

> If you wish, you may use this notice to request the hearing by checking the box below.
>
> Reason for Requesting Hearing:
>
> ____ I do not owe the money the government says I do (for default judgment only).
>
> ____ The property that the government is taking is exempt. Please attach Claim for Exemption Form.
>
> ____ The government did not comply with the statutory requirements for issuance of the Writ of Garnishment.
>
> See Doc. 49.

The Instructions to Defendant, however, conflated the requirements of Section 3205 and Section 3202.

First, Defendant was told that his deadline to request a hearing was twenty (20) days following receipt of the *answer of the Garnishee*. Doc. 49. That is, the Instructions to Defendant advised Defendant of the time available to him to lodge objections to the Garnishee's answer under Section 3205. They did not, however, advise him of the time period to assert objections to the Writ itself under Section 3202.[4]

Second, the Instructions to Defendant were unclear with respect to the substantive scope of Defendant's objection rights under Section 3205. While the Instructions to Defendant accurately advised Defendant of the time period within which he was required to file written objections to the Garnishee's Answer and request a hearing (under Section 3205), the Instructions to Defendant implied that Defendant could only request a hearing on the three grounds listed (the 3202 issues). In other words, the Instructions to Defendant indicated that Defendant's request for a hearing (even with respect to

---

[4] Under the specific circumstances of this case, Defendant's deadlines for objecting under Section 3202 and Section 3205 ran concurrently (from Defendant's February 15 receipt of the Government's February 13 mailing). However, the Government acknowledged during the hearing that under normal circumstances the Instructions to Defendant would be sent prior to a debtor's receipt of the garnishee's answer. In such a scenario, the objection deadlines under Sections 3202 and 3205 would be different.

11

objections to the Garnishee's Answer) was limited to the three Section 3202 topics.

However, a hearing under Section 3205 is a distinct proceeding from a hearing under 3202.

Further, the Government takes the position that a debtor may not raise issues associated with the issuance of a writ (the Section 3202 issues) when objecting to a garnishee's answer (under Section 3205). That interpretation, if correct, underscores the importance of distinguishing between objections under Section 3202 and Section 3205.[5]

Consequently, the undersigned finds that the Instructions to Defendant are not in substantially the same form as the Sample Notice and are inconsistent with the requirements of Section 3205.

---

[5] Courts have found that the scope of objections that may be raised pursuant to Section 3202 is more limited than those that may be brought under Section 3205. See United States v. Flowers, No. 16-51619, 2017 WL 386535, at *2 (E.D. Mich. Jan. 27, 2017) (stating that "a § 3205 hearing is not subject to the same limitations as a § 3202(d) hearing" and that § 3205(c)(5) "merely requires that '[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds'") (citing United States v. Miller, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (Section 3205 "does not limit the purposes for such a hearing") (citing United States v. Crowther, 473 F.Supp.2d 729, 731 (E.D.Tex. 2007) (discussing Section 3205 as providing "the debtor another option to object to the writ" and explaining that "unlike section 3202(d)—the scope of objections under section 3205(c)(5) is not limited; a debtor may raise any objection, provided it pertains to the writ of garnishment")). This case, though, does not require the Court to reach the question of whether Section 3202 objections may never be raised pursuant to Section 3205 in response to a garnishee's answer.

**IT IS THEREFORE ORDERED THAT** Defendant's requests for a hearing (Docs. 53, 54), which the Court has construed as Motions to Quash the Writ of Garnishment are **GRANTED**, and the Writ of Garnishment (Doc. 48) is **QUASHED**. This ruling, however, is **WITHOUT PREJUDICE** to the Government's submission of a renewed Application for Writ of Continuing Garnishment that is consistent with the analysis above.

Signed: June 27, 2023

W. Carleton Metcalf
United States Magistrate Judge